IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,           )
                                    )
                  Plaintiff,        )      **CRIMINAL ACTION**
                                    )
v.                                  )      No.  11-10086-01
                                    )
JOHN D. ROACH,                      )
                                    )
                  Defendant.        )
_____)


## MEMORANDUM DECISION

### I.    INTRODUCTION

On May 25, 2011, the Grand Jury returned an indictment charging defendant John D. Roach with one count of possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B).  The court held a bench trial on January 24, 2012, after defendant waived his right to a jury trial (Tr. at 1 and 2). The court heard testimony from Department of Homeland Security special agent James Kanatzar, Jim Woodward (defendant's counselor), and Roach, who testified after having been advised of his right not to testify (Tr. at 101-02).  The court has considered the parties' post-trial submissions (Docs. 39, 40 and 41).

### II.   FINDINGS OF FACT

The following findings are based on facts stipulated to by the parties and facts taken from trial.

#### The Investigation

1. In 2008 into 2009, in the course of investigating a Russian company offering subscriptions for child pornography, ICE/DHS HSI

agents identified specific "price points" or unique dollar amounts related to certain subscription services, which included:

$190 for 30-day photo subscription

$490 for 30-day video subscription

$690 for 360-day photo subscription

$1900 for 360-day video subscription

2. Agents also identified a means of payment that used Western Union transfers to Russia.

3. On or about March 18, 2009, in response to a subpoena, ICE/DHS HSI agents received information from Western Union showing a $490 transfer sent by "John Roach" on January 9, 2009. Additional sender information included: phone number 785-266-4449; credit card number XXXX-XXXX-XXXX-4311[1]; address 3012 SE Downing Drive, Topeka, Kansas 66605; recipient's name Ilya Oboriyn; recipient's pick-up location Perm, Russia; recipient's pickup date January 11, 2009.

<u>The Search</u>[2]

4. On or about July 10, 2009, the following were located at 3012 SE Downing Drive, Topeka, Kansas:

<u>3 computers</u>

Advantage desktop with 160GB Maxtor drive

HP Compaq desktop with 80GB Maxtor drive

Generic desktop with 120GB Maxtor drive

---

[1]The credit card ending in 4311 belongs to John S. Roach, defendant Roach's father. Roach testified that he maintained his father's credit cards and finances because his father was suffering from dementia.

[2]By Memorandum and Order of October 18, 2011 (Doc. 24), the court denied defendant's motion to suppress the warrant search.

<u>2 loose drives</u>

20GB Maxtor drive

80GB Maxtor drive

<u>1 external drive</u>

My Book 500GB external drive

<u>Disks</u>

Approximately 30 CDs and DVDs

<u>Bank Statements</u>

Assorted CoreFirst Bank & Trust statements related to card XXXX-XXXX-XXXX-4311.

5. The XXXX-XXXX-XXXX-4311 card referenced in Paragraphs 3 and 4 is the same card account.

6. The 20GB Maxtor hard-drive and a DVD contained images depicting minor children engaged in sexually explicit conduct.[3]

7. The images depicting minor children engaged in sexually explicit conduct had traveled in interstate commerce, by computer via the internet.

<u>Roach's Counseling</u>

8. Beginning in January 2009, Roach saw Licensed Clinical Social Worker Jim Woodward for counseling for his "addiction" or "compulsion" to view pornography.  However, Roach did not share with Mr. Woodward that he viewed child pornography until May or June 2009.  Roach wanted to stop viewing child pornography and followed some of Mr. Woodward's suggestions.

---

[3]Roach had images and videos with computer generated minors and actual minors engaged in sexually explicit conduct.  The 20GB Maxtor hard-drive and a DVD contained child pornography with actual minor children.

9. On July 8, 2009, Roach went in for his scheduled appointment and told Mr. Woodward that he had relapsed.

10. After his appointment, Roach decided that he wanted to get rid of his CDs and DVDs that contained images and videos of child pornography. He gathered up the disks in the basement and took them to the shredder. Roach intended to destroy the disks, but his wife had moved the shredder upstairs.

11. Roach had not yet shredded the disks on July 10 and did not know that law enforcement would execute a search warrant that day.

**III. ANALYSIS**

To convict Roach of 18 U.S.C. § 2252(a)(4)(B), the government must prove the following elements:

1. Roach knowingly possessed matter which he knew contained visual depictions of minors engaged in sexually explicit conduct;

2. The production of the visual depictions involved the use of minors engaging in sexually explicit conduct;

3. The visual depictions were of minors engaged in sexually explicit conduct;

4. The visual depictions were produced using materials that had been transported in interstate commerce by computer; and

5. Some or all of Roach's actions occurred in Kansas.

Roach has stipulated to facts that the government used to prove each required element except the knowledge element. <u>See</u> Doc. 37.

"Possession is defined as 'the holding or having something (material or immaterial) as one's own, or in one's control.'" <u>United</u>

States v. Bass, 411 F.3d 1198, 1201 (10th Cir. 2005) (citing Oxford English Dictionary (2d ed.1989)). An act is done knowingly if done voluntarily and purposefully, and not because of mistake or inadvertence or other innocent reason. United States v. Dobbs, 629 F.3d 1199, 1204 (10th Cir. 2011).

Roach testified that on July 8, 2009, he gathered up his CDs and DVDs that contained child pornography with full intent of destroying those disks in the shredder. However, the shredder was missing from its usual place in the basement and he did not actually shred the disks. Nor did he throw them in the trash or attempt to dispose of them by some other means. Therefore, Roach admitted that he knew he possessed the child pornography on July 10, 2009. Roach's arguments regarding "inference on inference," that his father and wife were not excluded as potential possessors of the child pornography, etc., are unavailing in view of Roach's testimony. His other arguments are more appropriate for sentencing.

## IV.    CONCLUSIONS OF LAW

The government has proven beyond a reasonable doubt that on July 10, 2009, in Kansas, Roach knowingly possessed matters which contained visual depictions of minors engaged in sexually explicit conduct and such visual depictions were of such conduct, that had been transported in interstate commerce by computer in violation of 18 U.S.C. § 2252(a)(4)(B).

Roach's motion for judgment of acquittal (Doc. 39) is accordingly denied. Roach shall immediately contact U.S. Probation Officer Jeff Blessant (316-315-4416) for instructions regarding a presentence interview.

IT IS SO ORDERED.

Dated this __29th__ day of February 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE